UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

Minister RA MAA NU AMEN BEY, Authorized
Representative, Natural Person, In Propria
Persona, Sui Heredes, Sui Juris, Ex Relatione:
[RA MAA NU AMEN BEY], and
Minister AAKHU MAA, Authorized
Representative, Natural Person, In Propria
Persona, Sui Heredes, Sui Juris, Ex Relatione
[REGINALD CLIFFORD KELLY],

                           Petitioners,

     -against-

Supreme Court of the State of New York,
County of Queens, Magistrate DAVID ELLIOT,
DAVID ELLIOT, Deutsche Bank National Trust
Company, Frenkel, Lambert, Weiss, Weisman
& Gordan, LLP, GREGORY J. NEWMAN,

                          Respondents.

------------------------------------------------------------x

NOT FOR
PUBLICATION

MEMORANDUM
AND ORDER
13-CV-1270 (ENV)

VITALIANO, D.J.:

     On March 11, 2013, petitioners Minister Ra Maa Amen Bey and Minister Aakhu Maa,

appearing *pro se*, filed this action titled "Writ of Error Coram Non Judice" against respondents,

along with "an emergency petition for temporary injunctive relief from referee sale." Petitioners

seek to "set aside void foreclosure and sale judgment" issued by the New York Supreme Court,

Queens County, for real property located in Queens County. Petitioners paid the filing fee to

commence the action and invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. §

1332(a)(4). The action is dismissed for lack of subject matter jurisdiction and the emergency

petition is denied as set forth below, along with various other motions.

1

## Background

Bey and Maa's petition, which is couched primarily in jargon regarding their asserted status as "Aborginal Indigenous Moorish-Americans," (*see generally* Writ of Error Coram Non Judice (Dkt. No. 1)), seeks to "set-aside void foreclosure and sale judgment" issued by the New York Supreme Court in a proceeding filed under Index No. 20335/08. Petitioners contend that the "judgment from its inception is and forever continues to be void, absolutely null, without legal efficacy." (*Id.* at 4.) Petitioners also seek immediate relief by an "emergency petition for temporary injunctive relief from referee sale" scheduled for April 5, 2013. (*Id.* at 7; *see also* Emerg. Pet. (Dkt. No. 2)). Petitioners have further moved for default judgment as against all defendants except for Deutsche Bank National Trust Company, (see Aff. of Fact for Judgment by Default (Dkt. No. 9)), and have sought leave to amend their petition to add additional defendants. (Pet. for Am. Writ (Dkt. No. 10)).

## Standard of Review

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). It is axiomatic that *pro se* pleadings are held to less stringent standards than those drafted by attorneys, and must be read liberally and interpreted to raise the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). To survive a motion to dismiss, a complaint must plead facts sufficient to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)—that is, it must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, the court need

2

not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*

However, "[i]f a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). *See also* Federal Rule of Civil Procedure 12(h)(3) (providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added). Furthermore, if the Court determines that the action is frivolous, it may dismiss the complaint *sua sponte* even if the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh St.Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) *(per curiam)*.

## Discussion

The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 (providing "federal question" jurisdiction) and 1332 (providing "diversity of citizenship" jurisdiction). A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a).

Here, petitioners fail to establish diversity jurisdiction solely based on being Moorish-Americans. This Court has repeatedly rejected claims by Moorish-Americans that they are not subject to the jurisdiction of the state or federal courts. *See, e.g., New York v. El*, No. 12-CV-

3

4091 (KAM), 2012 WL 3861227, at *2 (E.D.N.Y. Sept. 4, 2012); *Atum v. Ricigliano*, No. 12-
CV-2447 (NGG) (LB), 2012 WL 3230529, at *2 (E.D.N.Y. July 31, 2012); *Smith ex rel. Bey v.
Kelly*, No. 12-CV-2319 (JS) (AKT), 2012 WL 1898944, at **2-3 (E.D.N.Y. May 24, 2012); *Bey
v. Jamaica Realty,* No. 12-CV-2141 (ENV), 2012 WL 1634161, at *1 n. 1 (E.D.N.Y. May 9,
2012); *Gordon v. Deutsche Bank,* No. 11-CV-5090 (WKF), 2011 WL 5325399, at *1 n. 1
(E.D.N.Y. Nov. 3, 2011). Moreover, complete diversity of citizenship between opposing
parties—a requirement under § 1332—is lacking in this instance, as it is clear from the face of
the pleadings that both of the petitioners and at least some respondents are domiciled in New
York. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within
the meaning of the diversity statute, is determined by his domicile.") (internal quotations
omitted); *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) (holding that § 1332 "requires
complete diversity between all plaintiffs and all defendants").

In any event, the Court lacks jurisdiction over this matter under the *Rooker-Feldman*
doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*,
460 U.S. 462 (1983). Under *Rooker-Feldman*, a federal district court lacks jurisdiction over a
claim if the following conditions are met: "(1) the plaintiff lost in state court, (2) the plaintiff
complains of injuries caused by the state court judgment, (3) the plaintiff invites district court
review of that judgment, and (4) the state court judgment was entered before the plaintiff's
federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010)

In this case, petitioners complain that the Supreme Court's judgment of foreclosure is
void, and now sue the court and other parties to overturn that judgment. It is clear, then, that all
four factors described in *McKithen* apply: petitioners lost on the foreclosure action in a New
York state court, they complain of injuries resulting from that judgment, they demand that this

4

Court review and vacate the judgment, and the judgment preceded the initiation of the federal

action. Accordingly, *Rooker-Feldman* applies, and the Court lacks subject-matter jurisdiction to

hear the case. *See, e.g.*, *Murphy v. Riso*, No. 11-CV-0873 (JFB) (ARL), 2012 WL 94551, at **6-

7 (E.D.N.Y. Jan. 12, 2012) (noting that "numerous courts in this Circuit . . . have consistently

held that attacks on a judgment of foreclosure are barred by the *Rooker–Feldman* doctrine" and

listing cases); *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (affirming dismissal

on *Rooker–Feldman* grounds where plaintiffs alleged "various civil and constitutional rights

violations," but their claims "essentially amount[ed] to an objection to the disposition of the

foreclosure action" by the state court).

## Conclusion

Accordingly, the action is dismissed in its entirety for lack of subject matter jurisdiction

pursuant to Fed. R. Civ. P. 12(h)(3) and the *Rooker-Feldman* doctrine. The petition for a writ of

error coram non judice and for temporary injunctive relief restraining the state court referee sale

is denied, as is the "emergency petition" for a temporary restraining order. Petitioners' motion

for default judgment is denied on the same grounds. Finally, their request for leave to amend the

petition is denied, as the addition of more defendants would not cure the jurisdictional defects

described above. *See, e.g.*, *Donovan v. Gober*, 5 F.Supp.2d 142, 150 (W.D.N.Y. 1998) (denying

leave to amend a complaint where the amendments would fail to cure jurisdictional defects);

*Lamont v. Frank Soup Bowl, Inc.*, No. 99-CV-12482 (JSM), 2001 WL 521815, at *7 (S.D.N.Y.

May 16, 2001) (holding similarly); *FMAC Loan Receivable Trust 1997-C v. Strauss*, No. 03-CV-

2190 (LAK), 2003 WL 1888673, at *1 (S.D.N.Y. Apr. 14, 2003) (holding similarly).

Although petitioners paid the filing fee to commence this action, the Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good

faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case and enter judgment.

   So ordered.


          s/ ENV

          ERIC N. VITALIANO
          United States District Judge

Dated: Brooklyn, New York
   May 17, 2013